[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11649
Non-Argument Calendar
_____

D.C. Docket No. No. 9:11-cv-81270-DMM

GREENFIELD CHILDREN'S PARTNERSHIP,
Individually and on Behalf of All Others Similarly Situated,

Plaintiff-Appellant,

GREENFIELD INVESTMENT SERVICES, LLC, et al.,

Plaintiffs,

versus

FRIENDFINDER NETWORKS, INC.,
LADENBURG THALMAN & CO., INC.,
IMPERIAL CAPITAL, LLC,
MARC H. BELL,
DANIEL C. STATON, et al.,

Defendants-Appellees,

ROBERT BRACKETT, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 24, 2014)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Greenfield Children's Partnership appeals the dismissal with prejudice of its second amended complaint that Friendfinder Networks, Inc., its two underwriters, and eight of its former officers and directors violated the Securities Act of 1933 in connection with a public offering of its common stock. The district court dismissed the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). We dismiss the appeal of Greenfield Children's Partnership in part for lack of jurisdiction, and we affirm the dismissal of its complaint for failure to state a claim.

Friendfinder made an initial public offering of five million shares of common stock. The prospectus provided that some Friendfinder stock was subject to a lock-up agreement; that is, the prospectus stated that "[h]olders of at least 20, 917, 936 of the other shares outstanding or convertible into common stock have agreed with the underwriters, subject to certain exceptions and extensions, not to dispose of any of their securities for a period of 180 days following the date of this prospectus, except with the prior written consent of the underwriters." The

2

prospectus also stated that Friendfinder "w[ould] be required to establish and regularly evaluate the effectiveness of internal controls over financial reporting" and that it "h[ad] taken and w[ould] continue to take actions designed to enhance [its] disclosure controls and procedures."

Greenfield Children's Partnership, Greenfield Investment Services, LLC, and David Schwartz were among those who purchased Friendfinder common stock during the initial public offering. The price of the stock plummeted and continued to decline for several months. The plaintiffs suspected that their losses were attributable to insider trading, and a broker told Schwartz that "insiders are selling. At least 700,000 shares were sold immediately upon opening, and . . . that number may be as high as 2,000,000."

Greenfield Children's Partnership, Greenfield Investment, and Schwartz filed a second amended complaint on behalf of themselves and others similarly situated against Friendfinder, its underwriters, and its former officers and directors. Greenfield Children's Partnership, Greenfield Investment, and Schwartz complained that all the defendants violated Section 11 of the Act because the registration statement included a prospectus that contained material misstatements, 15 U.S.C. § 77k(a), and that Marc H. Bell, Daniel C. Staton, and six other former officers and directors of Friendfinder were liable under Section 15 of the Act as "controlling persons" and "persons who aided and abetted" in violating securities

laws, *id.* § 77o. Greenfield Investment and Schwartz also complained that Friendfinder and its underwriters, Ladenburg Thalman & Co., Inc., and Imperial Capital, LLC, violated Section 12(a)(2) of the Act by offering or selling securities using a prospectus that contained material misstatements. *Id.* § 77l(a)(2).

The complaint alleged that the prospectus was misleading because shares were sold in violation of the lock-up agreement and because Friendfinder, its underwriters, and its executives knew that the shares would be sold. The complaint alleged that, "[c]ontrary to the statements about the lock-up agreement and the implementation of internal controls, a material number of restricted shares were sold" before expiration of the lock-up period. The complaint also alleged that a restricted share could not be sold until its holder obtained consent from its issuer and its broker to remove the restricted share legend; millions of shares were traded during the lock-up period; and "it [was] simply not plausible" that holders of restricted shares commenced the process to have the legends removed from the shares "within minutes after the opening of the Offering."

The district court dismissed for lack of standing the complaint of Greenfield Investment and Schwartz against Friendfinder for its alleged violation of Section 12(a)(2), and the district court dismissed the remainder of the complaint for "fail[ure] to adequately allege a prima facie case under Sections 11, 12, or 15" of the Securities Act. The district court ruled that Greenfield Investment and

Schwartz had purchased their shares from the underwriters and lacked standing to complain that Friendfinder was a "seller" of the shares under Section 12(a)(2). The district court also ruled that the statements about the lock-up agreement and about the internal controls were not materially misleading. Greenfield Children's Partnership filed a notice of appeal of the dismissal of its complaint, but neither Greenfield Investment nor Schwartz joined in that notice of appeal.

The complaint fails to allege facts to support a claim that the two statements in the prospectus contain "an untrue statement of material fact" under Section 11. 15 U.S.C. § 77k(a). As explained by the district court, the statement about the lock-up agreement "merely advise[d] potential investors that certain shareholders ha[d] agreed to retain their shares for a specific period of time," and the statement about internal controls "merely disclosed . . . that there [were] disclosure controls and procedures in place." The prospectus did not address, much less guarantee, enforcement of the agreement. The prospectus also stated that the agreement was "subject to certain exceptions and extensions," and the complaint fails to allege that the sales were not excepted from the agreement. Because the complaint fails to allege a plausible violation of Section 11, the complaint also fails to state a claim against the former officers and directors of Friendfinder under section 15. *See Ehlert v. Singer*, 245 F.3d 1313, 1320 (11th Cir. 2001).

Greenfield Children's Partnership lacks standing to contest the dismissal of the complaint that Friendfinder, Ladenburg, and Imperial violated Section 12(a)(2). Although the parties do not raise the issue of standing, we are obliged to do so *sua sponte*. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) ("Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." (alteration omitted)). "Litigants must establish their standing not only to bring claims, but also to appeal judgments." *Wolff v. Cash 4 Titles*, 351 F.3d 1348, 1353 (11th Cir. 2003). Greenfield Children's Partnership never alleged a violation of Section 12 because it lacked standing to do so. As explained by the district court, "the Section 12(a)(2) claim[] [was] alleged only by Plaintiffs [Greenfield Investment] and Schwartz[ because they] . . . purchased stock directly from the Underwriter[s]," and the "Plaintiffs concede[d] that [Greenfield Children's Partnership] lack[ed] standing to pursue a claim under Section 12, since it purchased its shares in the secondary market." And Greenfield Children's Partnership lacks standing to contest the dismissal of the claim on behalf of Greenfield Investment and Schwartz. *See Wolff*, 351 F.3d at 1354.

We **DISMISS** the appeal of the complaint of Greenfield Investment and Schwartz about a violation of Section 12(a)(2), and we **AFFIRM** the dismissal of the second amended complaint of Greenfield Children's Partnership.

6